UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD D. BEAVER,

                Plaintiff,

    v.

JOHN WILSON, *et al.*,

                Defendants.

CASE NO. 2:26-cv-00150-GJL

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE

This matter is before the Court on consent of the parties. *See* Dkt. 15. Pending before the Court is Plaintiff Ronald D. Beaver's Motion for an Order to Show Cause ("Motion"). Dkt. 7. Upon review, the Court **DENIES** the Motion. Dkt. 7.

## I.    BACKGROUND

On January 15, 2026, Plaintiff, proceeding *pro se*, filed a Complaint requesting a declaratory judgment that King County, Washington, and certain of its officials lacked authority to impose and collect *ad valorem* property taxes on land Plaintiff held title to between approximately October 2010 to May 2024 due to that property being subject to a federal land patent. Dkt. 1. The Complaint names King County and King County Assessor, John Wilson,

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE - 1

Residential Division Director Jeff Darrow, and Does 1-100 in their personal capacities as Defendants. *Id*. Plaintiff also seeks compensatory and punitive damages. *Id*.

**A.      Subject Property**

The property at issue in this action is part and parcel of "Section 12, Township 25 N, Range 6 East, W. M, commonly referenced as '26450 NE 70th Street, Redmond'. . . , and situated within King County" (the "Land"). Dkt. 1 ¶ 18. Plaintiff alleges that federal land Patent No. 9422, issued on April 28, 1887, conveyed the Land, "together with all the rights, privileges, immunities, and appurtenances, of whatsoever nature thereunto belonging" to John Pulver and "his heir and assigns forever." *Id*. ¶ 19; *see also* Dkt. 1 at 13, Ex. 1. Plaintiff avers that no "state sovereignty or state-derived taxing authority" exists with respect to the Land because the Patent issued prior to Washington state's admission to the Union in 1889. Dkt. 1 ¶ 20.

Plaintiff avers he acquired the Land as an assignee to John Pulver via warranty deed grant dated on or about October 11, 2010, and held title until approximately May 2024. *Id*. ¶¶ 4, 21. According to Plaintiff, he "connected his title to the Patent via a regular chain of mesne conveyances by grant, as reflected in public land records maintained by the County." *Id*.

**B.      Allegations in the Complaint**

In Count I, Plaintiff alleges that Defendants Wilson and Darrow, acting under color of state law, including Title 84 of the Revised Code of Washington, inspected, valued, and assessed the Land for purposes of demanding and collecting *ad valorem* property taxes, despite the Land being immune from taxation due to the historical circumstances set forth above. Dkt. 1 ¶¶ 26–28; 38–41. He claims Defendants issued tax statements and demanded payment of taxes, threatening him with penalties, interest, and forfeiture for nonpayment. *Id*. ¶ 27. Under such threats, Plaintiff was forced to pay nearly $200,000 in property taxes for the period of time he held title to the

Land. *Id*. ¶ 29. Plaintiff alleges Defendants' actions deprived him of his right to possess, use, and enjoy the Land in fee-simple, free from taxation, in violation of 42 U.S.C. § 1983. *Id*. ¶ 41.

In Count II, Plaintiff alleges King County provided no training, either formal or informal, to its officers, employees, and agents regarding the force and effect of federal land patents on the County's authority to impose property taxes. *Id*. ¶ 34. Further, Defendants Wilson and Darrow's actions in depriving Plaintiff of his federal rights and immunities regarding the payment of property taxes was the direct and proximate result of King County's "complete failure to train" these Defendants. *Id*. ¶¶ 42–45.

**C.    Plaintiff's Motion for an Order to Show Cause (Dkt. 7)**

On February 9, 2026, counsel from the King County Prosecuting Attorney's Office entered a Notice of Appearance on behalf of all Defendants. *See* Dkt. 5. On February 10, 2026, Defendants filed a Motion to Dismiss the Complaint for lack of subject matter jurisdiction and other grounds. Dkt. 6. On that same day, Plaintiff filed the instant Motion for an Order to Show Cause, requesting the Court order Defendants Wilson and Darrow to demonstrate the King County Prosecuting Attorney's Office's authority to appear as counsel on behalf of Defendants in their personal capacities. Dkt. 7. Plaintiff argues these Defendants should not be afforded the benefit of a publicly-funded defense in this case, citing both Washington state law and King County Code in support. *See id*. Defendants filed a Response to the Motion (Dkt. 11), and Plaintiff has filed a Reply (Dkt. 12).

**II.    DISCUSSION**

In his Motion for an Order to Show Cause, Plaintiff seeks a Court order directing Defendants Wilson and Darrow to demonstrate that the King County Prosecuting Attorney's Office had authority to represent them "prior to" counsel's appearance on their behalf. Dkt. 7 at

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE - 3

2. Reading Plaintiff's Motion liberally, Plaintiff is taking issue with a publicly-funded entity—the King County Prosecuting Attorney's Office—representing these Defendants who Plaintiff has sued in their personal capacities. Dkt. 7.

Prosecuting attorneys are required to appear and represent the counties in all civil proceedings in which they may be a party. RCW 36.27.020(4). Further, King County agrees as a condition of employment to defend all officers and employees in civil actions arising out of their performance of or good faith attempt to perform official duties. KCC 2.21.050.[1]

Plaintiff bases his claims against Defendants Wilson and Darrow entirely on acts performed by them in their capacities as King County Assessor and Residential Division Director, respectively. *See* Dkt. 1. Specifically, Plaintiff identifies Defendant Wilson as "a senior official responsible for overseeing the valuation and assessment of *ad valorem* property taxation in King County." *Id*. ¶ 14. Plaintiff names Defendant Darrow on the basis that "Darrow directed the division responsible for inspecting and valuing all 'residential' parcels in King County such as, purportedly, Mr. Beaver's land." *Id*. ¶ 15. Plaintiff's claim in this Motion that he is suing these Defendants in their personal capacities, and that their acts were somehow not part of their official duties in connection with King County's process for assessing and imposing property taxes, is contrary to the account given in the Complaint.

---

[1] King County Code states, in pertinent part:

> Subject to the other provisions of this chapter, the county shall provide legal representation and indemnification to protect county officers, employees, and agents, whether employed or engaged in the past or the present, and their marital communities, from personal liability for alleged violations of civil or criminal law resulting from or based upon alleged acts or omissions of the officers, employees, or agents. To have the benefit of the legal representation and indemnification, the county officer, employee, or agent must have performed or acted in good faith, within the scope of the county officer's, employee's or agent's service to or employment with the county, and with no reasonable cause to believe the conduct was unlawful.

KCC 2.21.050.B.1.

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE - 4

Defendants Wilson and Darrow are entitled to the services of the King County Prosecuting Attorney's Office. The Prosecuting Attorney is representing them as employees of King County, not as private citizens. Based on the allegations in the Complaint, and the authority vested in the King County Prosecuting Attorney's Office, counsel has properly entered an appearance on behalf of Defendants Wilson and Darrow.

### III.   CONCLUSION

Upon review of the Motion, the Response and Reply thereto, and remaining record, the Court finds Plaintiff has not demonstrated that the King County Prosecuting Attorney's Office lacks the authority to appear on behalf of Defendants Wilson and Darrow, who are named in this suit as county employees performing actions within the scope of their employment and acting under color of state law. *See* Dkt. 1. The Motion (Dkt. 7) is **DENIED**.

Dated this 19th day of March, 2026.

Grady J. Leupold
United States Magistrate Judge

ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE - 5