UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RONALD D. BEAVER,

Plaintiff,

v.

JOHN WILSON, *et al.*,

Defendants.

CASE NO. 2:26-cv-00150-GJL

ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73, and Local Magistrate Judge Rule 13. *See also* Consent to Proceed Before a United States Magistrate Judge, Dkt. 15. Pending before the Court is Defendants' Motion to Dismiss the Complaint. Dkts. 1, 6.

Having considered the parties' filings, the relevant record and law, the Court **GRANTS** Defendants' Motion to Dismiss and **DISMISSES** this action for lack of subject matter jurisdiction. Dkt. 6.

//

//

//

## I. BACKGROUND

On January 15, 2026, Plaintiff, proceeding *pro se*, filed a Complaint requesting a declaratory judgment that King County, Washington, and certain of its officials lacked authority to impose and collect *ad valorem* property taxes on land Plaintiff held title to between approximately October 2010 to May 2024 due to that property being subject to a federal land patent. Dkt. 1. The Complaint names King County and King County Assessor, John Wilson, Residential Division Director Jeff Darrow, and Does 1-100 in their personal capacities as Defendants. *Id*. Plaintiff also seeks compensatory and punitive damages. *Id*.

### A. Subject Property

The property at issue in this action is part and parcel of "Section 12, Township 25 N, Range 6 East, W. M, commonly referenced as '26450 NE 70th Street, Redmond'. . . , and situated within King County" (the "Land"). Dkt. 1 ¶ 18. Plaintiff alleges that federal land Patent No. 9422, issued on April 28, 1887, conveyed the Land, "together with all the rights, privileges, immunities, and appurtenances, of whatsoever nature thereunto belonging" to John Pulver and "his heir and assigns forever." *Id*. ¶ 19; *see also* Dkt. 1 at 13, Ex. 1. Plaintiff avers that no "state sovereignty or state-derived taxing authority" exists with respect to the Land because the Patent issued prior to Washington state's admission to the Union in 1889. Dkt. 1 ¶ 20.

Plaintiff avers he acquired the Land as an assignee to John Pulver via warranty deed grant dated on or about October 11, 2010, and held title until approximately May 2024. *Id*. ¶¶ 4, 21. According to Plaintiff, he "connected his title to the Patent via a regular chain of mesne conveyances by grant, as reflected in public land records maintained by the County." *Id*.

//

//

**B. Allegations in the Complaint**

In Count I, Plaintiff alleges that Defendants Wilson and Darrow, acting under color of state law, including Title 84 of the Revised Code of Washington ("RCW"), inspected, valued, and assessed the Land for purposes of demanding and collecting *ad valorem* property taxes, despite the Land being immune from taxation due to the historical circumstances set forth above. Dkt. 1 ¶¶ 26–28; 38–41. He claims Defendants issued tax statements and demanded payment of taxes, threatening him with penalties, interest, and forfeiture for nonpayment. *Id.* ¶ 27. Under such threats, Plaintiff was forced to pay nearly $200,000 in property taxes for the period of time he held title to the Land. *Id.* ¶ 29. Plaintiff alleges Defendants' actions deprived him of his right to possess, use, and enjoy the Land in fee-simple, free from taxation, in violation of 42 U.S.C. § 1983. *Id.* ¶ 41.

In Count II, Plaintiff alleges King County provided no training, either formal or informal, to its officers, employees, and agents regarding the force and effect of federal land patents on the County's authority to impose property taxes. *Id.* ¶ 34. Further, Defendants Wilson and Darrow's actions in depriving Plaintiff of his federal rights and immunities regarding the payment of property taxes was the direct and proximate result of King County's "complete failure to train" these Defendants. *Id.* ¶¶ 42–45.

**C. Motion to Dismiss**

On February 10, 2026, Defendants filed the instant Motion to Dismiss. Dkt. 6. In the Motion, Defendants seek dismissal of the Complaint on three grounds: (1) this Court does not have subject matter jurisdiction to hear matters related to the administration of state property taxes; (2) the Tax Injunction Act divests this Court of subject matter jurisdiction; and (3) Plaintiff has failed to state a claim under 42 U.S.C. § 1983. *Id.* Plaintiff has filed a Response to

the Motion, in which he asserts his Complaint "presents a threshold federal supremacy question: whether Defendants possessed any lawful authority to impose the challenged *ad valorem* exaction on Plaintiff's federally derived estate in the first place." Dkt. 23 at 1–2. Defendants have filed a Reply. Dkt. 25.

## II. LEGAL STANDARD – MOTION TO DISMISS

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The pleadings must raise the right to relief beyond the speculative level and must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). On a motion to dismiss, courts accept as true a plaintiff's well-pled factual allegations and construe all factual inferences in the light most favorable to the plaintiff. *See Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). "Specific legal theories need not be pleaded so long as sufficient factual averments show that the claimant may be entitled to some relief." *Fontana v. Haskin*, 262 F.3d 871, 876–77 (9th Cir. 2001).

## III. DISCUSSION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Limited first by the Constitution, to only the kinds of 'Cases' and 'Controversies' listed in Article III" and "for all lower federal courts, limited as well by statute[s]" enacted by Congress. *Royal Canin U.S.A., Inc. v. Wullschlegar*, 604 U.S. 22, 26 (2025). Further, Congress has granted federal courts power to hear cases within their diversity and federal-question jurisdiction. *Id*. Federal courts have federal question jurisdiction in actions

"arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The determination of federal-question jurisdiction is "based on the allegations in the plaintiff's 'well-pleaded complaint.'" *Wullschlegar*, 604 U.S. at 26.

In addition to the above parameters, federal courts have a continuing duty to confirm their jurisdiction and are obligated "to inquire *sua sponte* whenever a doubt arises as to [its] existence." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977) (citations omitted). If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3). However, a "document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations omitted).

**A. The Tax Injunction Act Divests This Court of Subject Matter Jurisdiction**

Plaintiff asserts this Court has federal question jurisdiction over this matter because this action arises under federal laws, "including federal land grant statutes and 42 U.S.C. § 1983." Dkt. 1 ¶ 9. Although Plaintiff invokes federal question jurisdiction through his Section 1983 claims, the Tax Injunction Act divests this Court of jurisdiction because Plaintiff's claims seek to restrain the assessment and collection of taxes.

Plaintiff's Complaint challenges King County's authority to impose and collect state property taxes on his King County property by fashioning his claims as 42 U.S.C. § 1983 claims—and specifically asserting violations of his "federal statutory rights and immunities." Dkt. 1 ¶¶ 38–45 (Counts 1 & 2). Plaintiff argues that because his property originates from a federal grant, it is unlawful for the County to impose state property taxes. *Id.* ¶¶ 18–31. While the Court has the power to hear federal questions involving violations of constitutional rights

under Section 1983, Plaintiff's Section 1983 claims are federal claims in name only—in substance, the claims challenge the state's enforcement of its tax systems. As stated by Plaintiff, "This case concerns *whether* Defendants can tax Plaintiff's federally granted estate, not *how* they tax it." Dkt. 23 at 2. For federal question jurisdiction, this is a distinction that lacks a meaningful difference. By law, the Tax Injunction Act and the comity doctrine bar this Court from hearing this case.

The Tax Injunction Act bars district courts from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Act is a broad jurisdictional barrier that limits federal court interference with the collection of state taxes. *Lowe v. Washoe Cty.*, 627 F.3d 1151, 1155 (9th Cir. 2010). To assess the Act's applicability, the Court considers (1) the nature of the relief requested; (2) whether that relief would enjoin, suspend, or restrain a state tax; and (3) whether a plain, speedy, and efficient remedy is available in state court. *Wash. Trucking Ass'ns v. Trause*, No. 2:11-cv-01223-RSM, 2012 WL 585077, at *3–4 (W.D. Wash. Feb. 21, 2012) (citing *Hibbs v. Winn*, 542 U.S. 88 (2004)).

First, the Court considers the nature of the relief sought. The Act prohibits both declaratory and injunctive relief that interferes with the assessment or collection of taxes. *California v. Grace Brethren Church*, 457 U.S. 393, 411 (1982). Plaintiff seeks precisely that relief—he asks the Court to enjoin Defendants from collecting taxes and to declare the tax collection unlawful. Dkt. 1 at 10.

Second, the requested relief would enjoin, suspend, or restrain the assessment, levy or collection of state taxes. *Amazon.com LLC v. Lay*, 758 F. Supp. 2d 1154, 1163 (W.D. Wash.

2010). Granting Plaintiff's requested relief would plainly impede the assessment and collection of state taxes.

Third, a "plain, speedy and efficient remedy" is available to Plaintiff in the state courts. *Grace Brethren Church*, 457 U.S. at 411. The party challenging a state tax must have access to a "full hearing and judicial determination at which he may raise any and all constitutional objections to the tax." *Hyatt v. Yee*, 871 F.3d 1067, 1073 (9th Cir. 2017). The remedy need not be the best remedy available. *Id*.

Here, RCW 84.40.038 and RCW 84.68.050 provide a "plain, speedy, and efficient" remedy available to Plaintiff in state court. RCW 84.40.038 allows the person responsible for the tax payment to petition the county board of equalization and to appeal to the state board of tax appeals, RCW 84.40.038(1); (3). And RCW 84.68.050 allows the person to file suit in state court for "the recovery of taxes so paid under protest." *Rosewell v. La Salle Nat'l Bank*, 450 U.S. 503, 505 (1981) (requiring property owners to pay under protest and thereafter seek a refund is a plain, speedy, and efficient remedy); *see also Hyatt*, 871 F.3d at 1074 ("the U.S. Supreme Court has, on several occasions, approved of pay-then-protest remedies as plain, speedy, and efficient."). These remedies satisfy the Act.

Further, the comity doctrine independently bars Plaintiff's Section 1983 claims for damages. Even where the Act does not reach a damages claim, principles of comity restrain federal courts from entertaining Section 1983 actions that challenge the validity of state tax systems and risk disrupting state tax administration. *Fair Assessment in Real Estate Ass'n Inc. v. McNary*, 454 U.S. 100, 116 (1981) (finding that taxpayers are barred by principles of comity "from asserting § 1983 actions against the validity of state tax systems in federal courts.").

As found above, the Tax Injunction Act and the comity doctrine bar Plaintiff's claims. The Court lacks subject-matter jurisdiction over this action and therefore does not reach Defendants' remaining arguments under Rule 12(b)(6).

**B. Plaintiff is Not Entitled to Leave to Amend**

Although a *pro se* litigant should ordinarily be given leave to amend his complaint, leave may be denied where "it is absolutely clear that no amendment can cure the defect." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). No amendment can cure the defect here because the Tax Injunction Act and the comity doctrine bar Plaintiff's claims however they are pled. The Court therefore **DENIES** Plaintiff leave to amend. Because dismissal rests on the absence of jurisdiction, it is entered **without prejudice** to Plaintiff's pursuit of any available remedy in state court.

## IV. CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1) The Court **GRANTS** Defendants' Motion to Dismiss. Dkt. 6. This case is **DISMISSED without prejudice** for lack of subject matter jurisdiction.

2) Any leave to amend the Complaint is **DENIED**.

Dated this 9th day of September, 2026.

Grady J. Leupold
United States Magistrate Judge